1
2
3                    UNITED STATES DISTRICT COURT
4                         DISTRICT OF NEVADA
5                              * * *
6   TYRONE NOEL NUNN,                    Case No. 2:24-cv-01239-GMN-EJY
7                         Plaintiff,     DISMISSAL ORDER
8         v.
    STATE OF NEVADA, *et al.*,
9                         Defendants.
10
11

12        Plaintiff Tyrone Nunn ("Plaintiff") brings this civil-rights action under 42 U.S.C.
13   § 1983 to redress constitutional violations that he claims he suffered while incarcerated
14   at High Desert State Prison. (ECF No. 6 at 1.)  On January 23, 2025, this Court ordered
15   Plaintiff to file an amended complaint by February 23, 2025. (ECF No. 5 at 7.)  The Court
16   warned Plaintiff that the action could be dismissed if he failed to file an amended
17   complaint by that deadline.  (*Id.*)  That deadline expired and Plaintiff did not file an
18   amended complaint, move for an extension, or otherwise respond.

19   **I.    DISCUSSION**

20        District courts have the inherent power to control their dockets and "[i]n the
21   exercise of that power, they may impose sanctions including, where appropriate . . .
22   dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831
23   (9th Cir. 1986).  A court may dismiss an action based on a party's failure to obey a court
24   order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.
25   1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to
26   keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th
27   Cir. 1987) (dismissal for failure to comply with court order).  In determining whether to

28

dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Plaintiff files an amended complaint, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only

delays the inevitable and squanders the Court's finite resources.  The circumstances here do not indicate that this case will be an exception:  there is no hint that Plaintiff needs additional time or evidence that he did not receive the Court's screening order.  Setting another deadline is not a meaningful alternative given these circumstances.  So the fifth factor favors dismissal.

## II.    CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an amended complaint in compliance with this Court's January 23, 2025, order and for failure to state a claim.  The Clerk of Court is kindly directed to enter judgment accordingly and close this case.  No other documents may be filed in this now-closed case.  If Plaintiff wishes to pursue his claims, he must file a complaint in a new case.

It is further ordered that the application to proceed *in forma pauperis* (ECF No. 4) is granted. Plaintiff shall not be required to pay an initial installment of the filing fee.  Even though this action is dismissed, and is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915.

///
///
///
///
///
///
///
///
///
///

It is further ordered that, under 28 U.S.C. § 1915, the NDOC will forward payments from the account of **Tyrone Nunn, 1252474** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office.  The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov

March 4, 2025

_____

Gloria M. Navarro, Judge
United States District Court